**STATE of Missouri, Respondent,**

v.

**Jessie L. IVORY, Appellant.**

**No. ED 87049.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 19, 2006.

Meleaner Ryna Harvey, Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell, Jefferson City, MO, for respondent.

Before GLENN A. NORTON, P.J., LAWRENCE E. MOONEY, J., and KENNETH M. ROMINES, J.

### ORDER

PER CURIAM.

Appellant Jessie L. Ivory ("Ivory") appeals from the decision of the Circuit Court of the City of St. Louis, the Honorable Thomas C. Grady presiding, after a jury found Ivory guilty of one count of Second–Degree Murder, in violation of Section 565.021 RSMo. (2000), and one count of Armed Criminal Action, in violation of Section 571.015. Ivory was sentenced to 10 years in prison for the Second–Degree Murder charge and three years for the Armed Criminal Action charge, with both sentences to run concurrently.

Ivory brings four claims of error. First, Ivory argues that the evidence was insufficient to convict him of second-degree murder because the State failed to prove that he aided his conspirators or otherwise participated in the underlying robbery. Second, Ivory argues that the trial court abused its discretion in overruling his motion to suppress his videotaped statement, where he claims the statements were the result of coercion, and thus, were involuntarily made. Third, Ivory argues that the circuit court abused its discretion in permitting the State to elicit testimony that Eric Eichelberger was killed while committing an unrelated robbery. Ivory argues that this evidence was highly prejudicial and created a presumption of guilt in this case. Finally, Ivory argues that the circuit court abused its discretion in refus-

ing to permit him to present his own testimony at trial concerning statements he previously made to police.

We have thoroughly reviewed the record and the briefs of the parties, and no error of law appears. Therefore, an opinion would serve no jurisprudential purpose. The judgment is affirmed pursuant to Rule 30.25(b).